# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MARSHA M. AYCHILLHUM, | Case No. 24-cv-02018-BAS-KSC |
| --- | --- |
| Plaintiff, | **ORDER:** |
| v. | **(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2); AND** |
| SSA; SSI, | **(2) DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| Defendants. | |

Plaintiff Marsha M. Aychillhum is self-represented. She filed this lawsuit concerning her Social Security Retirement and Supplemental Security Income. (ECF No. 1.) Plaintiff also filed a Motion to Proceed *In Forma Pauperis* ("IFP")—without paying the filing fee. (ECF No. 2.) For the reasons explained below, the Court grants Plaintiff's Motion to Proceed IFP and dismisses her Complaint with leave to amend.

## I. Motion for Leave to Proceed IFP

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment. The determination of indigency falls within

Case 3:24-cv-02018-BAS-KSC    Document 4    Filed 02/12/25    PageID.18    Page 2 of 6

the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds,* 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g., Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having reviewed Plaintiff's IFP application, the Court is persuaded she qualifies for IFP status. Plaintiff has minimal income, including disability payments. (IFP Mot. 2.) She is not employed and lists negligible financial assets. (*Id.* 2–3.) Her expenses approximate or exceed her minimal income. (*Id.* 4.) Under these circumstances, the Court finds that requiring Plaintiff to pay the court filing fees would impair her ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339. Therefore, the Court grants Plaintiff's Motion for Leave to Proceed IFP (ECF No. 2).

## II.     Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). Hence, "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte.*'" *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

Plaintiff is seeking benefits governed by Title II and Title XVI of the Social Security Act. Title II "provides old-age, survivor, and disability benefits to insured individuals irrespective of financial need." *Bowen v. Galbreath*, 485 U.S. 74, 75 (1988). By comparison, Title XVI provides Supplemental Security Income benefits "to financially needy individuals who are aged, blind, or disabled regardless of their insured status." *Id.*

Judicial review of claims arising under the Social Security Act is authorized by 42 U.S.C. § 405(g). "The Supreme Court has stated that § 405(g) 'clearly limits judicial review to a particular type of agency action, a *'final decision* of the Secretary made *after a hearing.*'" *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir. 2001) (emphasis in original) (quoting *Califano v. Sanders*, 430 U.S. 99, 108, 97 (1977)). A related provision, 42 U.S.C. § 405(h), channels "virtually all legal attacks through" the Social Security Administration. *Shalala v. Illinois Council on Long*

*Term Care, Inc.*, 529 U.S. 1, 13 (2000); *see also Mathews v. Eldridge*, 424 U.S. 319, 327 (1976) ("The only avenue for judicial review is 42 U.S.C. § 405(g), which requires exhaustion of the administrative remedies provided under the Act as a jurisdictional prerequisite.").

Here, Plaintiff's Complaint includes few details. She alleges she receives $448 in Social Security Retirement and $748 in Supplemental Security Income, and the amounts have "not been increased or decreased." (Compl. ¶ 4.) Plaintiff alleges she is entitled to more Social Security Retirement and believes the Social Security Administration has "discriminated against [her]." (*Id.*) She alleges she has asked for "retirement papers" but has not received them. (*Id.*)

Plaintiff's Complaint cannot go forward because she has not completed all the required steps with the Social Security Administration before filing a lawsuit. A plaintiff seeking Social Security benefits must generally proceed through a four-step process before she can ask a federal court for review. *Smith v. Berryhill*, 587 U.S. 471, 475–76 (2019). "First, the claimant must seek an initial determination as to [her] eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an [Administrative Law Judge]. Fourth, the claimant must seek review of the [Administrative Law Judge's] decision by the Appeals Council." *Id.* at 476. Ultimately, "[i]f a claimant has proceeded through all four steps on the merits . . . § 405(g) entitles [her] to judicial review in federal district court." *Id.*

If Plaintiff believes the Social Security Administration is incorrectly calculating her Social Security Retirement or Supplemental Security Income benefits, then she must first raise this issue with the agency and proceed through the required steps mentioned above. Plaintiff mentions difficulty receiving "retirement papers." She can apply for benefits online at ssa.gov, by phone, or in person at any Social Security office.

|   |   |
|---|---|
| 1 | Further, if the Social Security Administration has denied Plaintiff's request for retirement benefits, then she must ask the agency to reconsider its decision. Plaintiff's Complaint, however, includes no details about any application(s) she submitted to the agency, any notice(s) she received from the agency, her response, or any other efforts to go through the Social Security Administration's appeals process. |

Further, if the Social Security Administration has denied Plaintiff's request for retirement benefits, then she must ask the agency to reconsider its decision. Plaintiff's Complaint, however, includes no details about any application(s) she submitted to the agency, any notice(s) she received from the agency, her response, or any other efforts to go through the Social Security Administration's appeals process.

Plaintiff has the burden to demonstrate the Court has jurisdiction. *See Mathews*, 424 U.S. at 328–29. The Court lacks jurisdiction if she has not used her administrative remedies with the Social Security Administration. *See, e.g.*, *id.*; *Subia*, 264 F.3d at 902. Plaintiff does not show waiving the exhaustion requirement is appropriate. *See Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001) (explaining there is an exception for a colorable constitutional claim of a due process violation). The Court thus lacks jurisdiction.

Overall, the Court simply needs more information from Plaintiff for it to determine if this case can proceed. Therefore, the Court dismisses her Complaint. *See, e.g.*, *Randall v. Comm'r Internal Revenue Serv.*, No. 4:24-CV-03485-KAW, 2024 WL 5378334, at *5 (N.D. Cal. Dec. 2, 2024) (dismissing claim for nonpayment of benefits for failure to exhaust administrative remedies). The Court gives Plaintiff leave to amend her Complaint to provide more information.

**III. Conclusion**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2). The Court **DISMISSES** Plaintiff's Complaint with leave to amend for lack of subject matter jurisdiction.

If Plaintiff wishes to file an amended complaint, she must do so by **March 7, 2025**. Plaintiff should title her filing a First Amended Complaint, name the Acting Commissioner of the Social Security Administration as the defendant, and include more information about her claim. In particular, Plaintiff should include allegations addressing whether she has attempted to appeal this issue with the Social Security Administration. She also could attach any relevant notices or documents to her First

Amended Complaint, including correspondence to or from the Social Security Administration. The Court cautions Plaintiff that if she does not file a First Amended Complaint, the Court will dismiss this case without prejudice.

**IT IS SO ORDERED.**

**DATED: February 12, 2025**

**Hon. Cynthia Bashant, Chief Judge
United States District Court**